IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   WILLIAM V. PORTER, | ) | |
| | ) | |
|        Plaintiff, | ) | CIV-07- |
| v. | ) | |
| | ) | |
| 1.   JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|        Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, William V. Porter, and for his cause of action against the Defendant herein alleges and states as follows:

## PARTIES

1.  The Plaintiff, William V. Porter, is an adult resident of Oklahoma County, State of Oklahoma.

2.  The Defendant, JPMorgan Chase Bank, N.A., is a corporation or entity conducting business in Oklahoma County, State of Oklahoma.

## JURISDICTION AND VENUE

3.  Plaintiff's causes of action are based on race and national origin discrimination, racial harassment, and retaliation in employment which is prohibited by 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 1981.  Jurisdiction over the federal claims is vested in this Court under 28 U.S.C. § 1331.

4.  All of the claims arose in Oklahoma County and the Defendant is located in and/or doing business in such county.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

5. Plaintiff has exhausted his administrative remedies with respect to the above-described cause of action by timely filing a Charge of Discrimination with the EEOC on or about July 20, 2006. Plaintiff received a Notice of Right to Sue from the EEOC dated October 31, 2006. This lawsuit is timely filed within ninety (90) days of receipt of said notice.

## STATEMENT OF FACTS

6. Plaintiff, a Hispanic male, began working for Defendant on or about July 8, 1996 as a bank teller (also known as a Customer Service Associate I ("CSA I")) at Defendant's branch located at N.W. 122nd Street and Rockwell in Oklahoma City, Oklahoma.

7. During Plaintiff's service as a CSA I at the 122nd and Rockwell location, Plaintiff consistently performed his job duties in a manner beyond that which was expected of him. During his service at 122nd and Rockwell, Plaintiff observed that no persons of Hispanic origin, or persons of any other minority, held upper-level management positions with Defendant.

8. While serving as a CSA I at Defendant's 122nd and Rockwell location, Plaintiff applied for and was denied several promotions to a CSA II position for which he was qualified. Despite Plaintiff's outstanding service and qualifications, Caucasian employees with less experience and/or tenure were selected for such promotions.

9. On or around early 1998, Plaintiff transferred to Defendant's location at S.W. 74th Street and Pennsylvania Avenue in an effort to gain his deserved promotion from CSA I. During Plaintiff's service at Defendant's 74th and Penn location, his immediate supervisor was Carrie Woodson-Boyles, Branch Manager, who is Caucasian. While at that location, Plaintiff applied for promotions to the CSA II position on approximately four to five occasions. However, Ms. Woodson-Boyles would not grant him an interview or offer him the position in spite of his

qualifications and tenure.

10. In or around 2000, Plaintiff transferred as a CSA I to the Defendant's Edmond Central location under a different manager. While at this location, Plaintiff was ultimately promoted to the CSA II position. Plaintiff worked less than one year at the Edmond Central location because it became a drive-thru only with no main lobby.

11. Plaintiff then transferred to Defendant's Edmond East location under a different manager in or around 2001 as a CSA II. He worked at that location until around 2003. While at the Edmond East location, Plaintiff applied for several Assistant Manager positions, but was denied such promotions.

12. Plaintiff was one of three CSA IIs working at the Edmond East location, but was the only individual required to perform various teller duties. The other two CSA IIs were Caucasian. Plaintiff complained about being made to perform such duties while White employees were not required to do so. However, no prompt remedial action was taken in response.

13. Plaintiff then transferred to the Defendant's location at 6th & Classen in Oklahoma City. The Branch Manager was Mr. Brandy Wreath who was Caucasian. Defendant closed this branch around 2004 at which time Plaintiff moved to the Defendant's location at N.W. 22nd & Western. This was a new branch location. The Branch Manager initially was Chris Tener who is Caucasian. Mr. Tener later left his employment with Defendant and was replaced with Stephanie Gifford who is Caucasian. The District Manager was Josh Willingham who is also Caucasian.

14. While Plaintiff worked at the 22nd & Western location, he applied for several Assistant Manager positions, but was consistently denied such promotions. However, Robin Ivey, who is White and was employed by Defendant for only four to five months, was promoted from a

CSA I position to an Assistant Manager's position at the same branch. Also, Brandi Douglas (who is White) was placed in an Assistant Manager's position at the 22nd & Western location. Ms. Douglas had less seniority than Plaintiff.

15. On or about July 12, 2006, Plaintiff was wrongfully terminated by Gifford and Willingham. The reason given for termination was that Plaintiff did not "balance" his drawer at the end of the day. However, balancing your drawer consisted of nothing more than hitting a "balance" key on the computer screen. There had been a computer problem at that time and the computers had locked up. Such reason was pretext for underlying discrimination and retaliation.

16. Based on Defendant's willful and intentional conduct, Plaintiff has suffered the following damages:

## COUNT I

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17. The matters alleged above constitute violations of 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 1981 in the nature of race-based discrimination, harassment and retaliation.

18. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

19. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

**PRAYER**

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS  23rd   DAY OF JANUARY, 2007.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA # 17844
LEONARD & ASSOCIATES, P.L.L.C.
120 NORTH ROBINSON, SUITE 2300
OKLAHOMA CITY, OK 73102
(405) 239-3800 [TELEPHONE]
(405) 239-3801  [FACSIMILE]**

**JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**